fraudulent; nor was the defendant relieved from the consequences of his false conduct and deed—as shown by the fact that the truth was subsequently discovered by the assignees—for it appears he persisted in the false claim at the trial, and attempted to support it by his oath. Viewed in that light, it is clear that the evidence presented all the essential elements of an equitable estoppel, and that it was amply sufficient to justify the instruction of the court when applied to the facts given in evidence. Bigelow, Estop. 480; Horn v. Cole, 51 N. H. 287; Knights v. Wiffen, L. R. 5 Q. B. 660. Fraudulent acts of the kind find no countenance in any adjudged case within the knowledge of the court. On the contrary the rule of law is well settled that where a bailee fraudulently retains goods from the general owner, on grounds wholly different from any right which he possesses, he thereby waives a tender of his rightful claim to the same, by virtue of the principle of estoppel. Boardman v. Sill, 1 Camp. 410, note; Jones v. Tarleton, 9 Mees. & W. 675; Weeks v. Goode, 6 C. B. (N. S.) 367; Everett v. Saltus, 15 Wend. 474; Adams v. Clarke, 63 Mass. [9 Cush.] 215.

Instructions given by a court to the jury are entitled to a reasonable construction, and if correct when applied to the facts submitted to the jury, they ought to be sustained in an appellate court, even though if standing alone, or without any explanation, they would be incomplete in respect of some matter sufficiently explained in the evidence. Tested by these considerations, I am of the opinion that there is no error in the record. Judgment affirmed with costs.

―――

WILLIS (GOODYEAR DENTAL VULCANITE CO. v.). See Case No. 5,603.

WILLIS (JAMIESON v.). See Case No. 7,204.

―――

# Case No. 17,771.

### WILLIS v. McKENZIE.

[Cited in Birch v. Simms, Case No. 1,427. Nowhere reported; opinion not now accessible.]

―――

WILLIS (O'NEALE v.). See Case No. 10,516.

WILLIS (OXLEY v.). See Case No. 10,639.

WILLIS (PARK v.). See Cases Nos. 10,716 and 10,717.

WILLIS (SIGSBY v.). See Case No. 12,849.

WILLIS (UNITED STATES v.). See Case No. 16,728.

# Case No. 17,772.

### WILLISON v. HOYT.

[4 Law Rep. 35.]

Circuit Court, S. D. New York. April, 1841.

#### CUSTOM DUTIES.

Necessity of stating in a protest at the customs every charge objected to.

This was an action against the defendant as ex-collector of New York, to recover an amount of duties alleged to have been improperly charged on goods imported by the plaintiff. The goods consisted of eight bales of silk striped Lama handkerchiefs, imported by the ship Liverpool, January 5th, 1841. The article was composed of silk, worsted, and cotton, and the collector charged it with the reduced woolen duty of 41 per cent., which the importer paid under protest. It was admitted, that the woolen duty was improperly charged.

Mr. Winthrop, for claimant, contended that the article was free, as silk was the most valuable component part of it, and therefore it was not subject to duty on the cotton, which formed another component part.

Mr. Butler, for defendant, said it might be a question whether, in order that an article should be free on account of the most valuable part of it being silk, the silk should not only be more valuable than any other component part of the article subject to duty, but also more valuable than each and all of the other component parts taken together. But in the present case he thought this question did not necessarily arise, as the claimant had entered the article as a manufacture of cotton, subject to a duty of 25 per cent., and in his protest made no objection to that duty, but simply protested against the article being charged the woolen duty of 41 per cent. He therefore contended, that the claimant was bound to pay at least the duty of 25 per cent. on the article, as in manufactures of cotton.

THOMPSON, Circuit Justice, said that, when making a protest, the party should clearly state in it what he objected to, and if he considered the article a different one from what the collector alleged it to be, he should so inform him, in order that the collector might be on his guard, and know what it is that the merchant objects to. In the present case the merchant did not protest against the duty of 25 per cent., and therefore the court thought a verdict should be rendered only for the difference between 25 per cent. and 41 per cent., which was all the merchant objected to at the time of the protest. Verdict accordingly.